FILED

OCT 1 2 2005

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>EDWARD KILE,<br><br>                 Debtor.<br><br>M. KENNETH MUDGE, et ux., et al.,<br><br>                 Plaintiffs,<br>vs.<br><br>EDWARD KILE, et ux., et al.,<br><br>                 Defendants. | Chapter 11<br><br>No. 4-04-bk-02237-JMM<br><br>Adv. No. 4-05-ap-00009-JMM<br><br>**MEMORANDUM DECISION RE**<br><br>**DISCHARGE OF INTERPLEADING PARTY**<br><br>(Opinion to Post) |

      Statewide Group, Inc. has filed a motion to be discharged as the interpleading party, and to be awarded its fees and costs associated therewith. The Debtor objects. The court, after consideration of the adversary and administrative files herein, now rules.

      This adversary complaint, filed by Statewide, seeks to have the court determine the rightful parties to excess trustee's sale proceeds, and, having joined into the action all parties claiming an interest thereto, be discharged.

      The Debtor objects, claiming that (1) Statewide may be liable for violating statutory duties pursuant to Cal. Civ. P. Code § 2924; (2) Statewide did not act quickly enough after the sale and with due diligence; and (3) Statewide's fees are unreasonable.

      The court first notes that Edward Kile, the Debtor and a Defendant, has never answered the complaint in this matter, nor asserted any interest in the proceeds. Nor has he filed a cross-claim or counterclaim asserting, in this or any other action, any violations of California law as a basis for holding Statewide liable on any legal theory. Two parties (Statewide and Mudge) have filed

h:\wp\orders\

applications for entry of default against the Debtor.[1] Therefore, having failed to appropriately plead in this matter, Mr. Kile's standing is non-existent. In either event, having failed to file a responsive pleading to Statewide's interpleader complaint for nine months, the Debtor's bare assertions of statutory liability are without merit, and are not issues for this court to resolve.

As for Mr. Kile's assertion that Statewide did not react quickly enough, suffice it to say that the court disagrees. Statewide had always been forthcoming in this complicated affair, and has acted at all times in a timely manner. The interpleader was filed on January 12, 2005, after much litigation over ownership drew Statewide into the bramble bush of Debtor's legal entanglements.

As for the Debtor's final objection concerning the reasonableness of Statewide's fees, the court notes that, but for the Debtor's efforts to obfuscate title issues, this matter would have ended long ago. Statewide's fees are not unreasonable, in view of the convoluted history of this case.

Accordingly, the Debtor's objection to Statewide's fee request, and its request to be discharged of further liability and to be dismissed as an active party in this case, is OVERRULED.

Statewide's motion is GRANTED, and it shall be awarded $9,443.17 for its attorneys' fees and costs incurred herein.

DATED: October 12, 2005.

_____
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

---

[1] See, docket Nos. 29 and 33.

COPIES served as indicated below this 12 day of October, 2005, upon:

Matthew R.K. Waterman
Waterman & Waterman, P.C.
33 North Stone Avenue, Suite 2020
Tucson, AZ 85701
Email mrkw@watermanlaw.com
Attorneys for Debtor

Steven M. Cox
Waterfall Economidis Caldwell Hanshaw & Villamana, P.C.
5210 E. Williams Cir., #800
Tucson, AZ 85711
Email smcox@wechv.com

Timothy J. Silverman
Holly Nolan
Solomon Grindle Silverman & Spinella
12651 High Bluff Drive, Suite 300
San Diego, CA 92130
Email tim@sgsslaw.com
Email holly@sgsslaw.com

Larry Lee Watson
Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
Email larry.watson@usdoj.gov

By M.B. Thompson
    Judicial Assistant